IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| Edward John Martin, Jr. | ) | |
| Nicky Tampas, | ) | **Civil Action No.** |
| Samuel Keith Walker, | ) | |
| David Tart IV, Erick Paulk, | ) | |
| Mathew P. Martin | ) | |
| Angela Shuman, individually | ) | |
| on behalf of themselves, | ) | |
| and all others similarly situated, | ) | **(Jury Trial Demanded)** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Budd Properties, Inc., | ) | |
| Budd Commercial Real Estate, LLC. | ) | |
| Roger M. Budd, Jr. | ) | |
| Julie Budd | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Edward John Martin, Jr., Nicky Tampas, Samuel Keith Walker, David Tart IV, Erick Paulk, Mathew P. Martin and Angela Shuman (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, and bring this collective action against Budd Properties, Inc., Budd Commercial Real Estate, LLC., Roger M. Budd, Jr. and Julie Budd (collectively "Defendants") and respectfully showing the Court as follows:

1

# INTRODUCTION

1.

This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA" or the "Act").

2.

Defendants own and operate an extensive business enterprise. Business operations include, owning, leasing and selling residential and commercial real estate.

3.

At all times relevant to this dispute, Defendants have engaged in unlawful schemes to avoid paying their employees overtime wages at time and half and to avoid paying their employees for all hours worked.

4.

Defendants are a powerful family enterprise who have used their influence to coerce, threaten and retaliate against current and former employees who challenge their unlawful schemes. As a result, for years Defendants have gotten away with shorting their employees out of the wages they are rightfully due.

5.

Plaintiffs, residents and citizens of the State of Georgia, are current and former employees of Defendants who have suffered as a result of this egregious and unlawful situation.

6.

Plaintiffs bring this action individually and as part of a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all individuals who have been denied wages, paid less than minimum wage, denied overtime compensation and been forced to work off the clock without pay (the "FLSA Collective"). Plaintiffs seek all improperly denied wages, wages for off the clock work, overtime compensation, liquidated damages, interests, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## JURISDICTION AND VENUE

7.

This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq*. and the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

8.

Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in the Middle District of Georgia.

9.

Venue is also proper in this Court because Defendants conduct business in this District and a substantial part of the events at issue in this lawsuit took place in the Middle District of Georgia. Furthermore, Budd Commercial's registered office and primary business office are located in the Middle District of Georgia.

### **PARTIES**

10.

The named Plaintiffs are residents and citizens of the State of Georgia and at all pertinent times were employed by Defendants.

11.

Plaintiff Edward John Martin, Jr. is an individual residing in Lowndes County, Georgia who was employed by Defendants during the last three years.

12.

Plaintiff Nicky Tampas is an individual residing in Lowndes County, Georgia who was employed by Defendants during the last three years.

13.

Plaintiff Samuel Keith Walker is an individual residing in Cook County Georgia who was employed by Defendants during the last three years.

14.

Plaintiff David Tart IV is an individual residing in Lowndes County, Georgia who was employed by Defendants during the last three years.

15.

Plaintiff Erick Paulk is an individual residing in Lowndes County, Georgia who was employed by Defendants during the last three years.

16.

Plaintiff Matthew P. Martin is an individual residing in Lowndes County, Georgia who was employed by Defendants during the last three years.

17.

Plaintiff Angela Shuman is an individual residing in Cook County Georgia who was employed by Defendants during the last three years.

18.

Defendant Budd Properties, Inc. ("Budd Properties") is a Georgia corporation with its principle place of business at 308 7th Street, St. Simons Island, Georgia 31522. Budd Properties may be served with a copy of the summons and complaint by leaving a copy with it's registered agent for service, Roger M. Budd, Jr., at the registered office located at 308 7th Street, St. Simons Island, Georgia 31522.

19.

Budd Properties is an employer of employees "engaged in commerce," employed in an enterprise engaged in commerce," and/or in "the production of goods for commerce" as defined by 29 U.S.C. § 203. At all relevant times Budd Properties annual gross volume of business was not less than $500,000.

20.

Defendant Budd Commercial Real Estate, LLC ("Budd Commercial") is a Georgia limited liability company with its principle place of business located at 2907 N. Patterson Street, Valdosta, Georgia 31602. Budd Commercial may be served with a copy of the summons and complaint by leaving a copy with it's registered agent for service, Roger M. Budd, Jr., at the registered office located at 2907 N. Patterson, Street, Valdosta, Georgia 31602.

21.

Budd Commercial is an employer of employees "engaged in commerce," employed in an enterprise engaged in commerce," and/or in "the production of goods for commerce" as defined by 29 U.S.C. § 203. At all relevant times, Budd Commercial's annual gross volume of business was not less than $500,000.

22.

Defendant Roger M. Budd, Jr. is an owner and chief executive officer of Budd Properties and Budd Commercial. He may be served personally with a copy of the summons and complaint at his residence, 308 7th Street, St. Simons Island, Georgia 31522.

23.

At all relevant times Mr. Budd was involved in day to day operations of Budd Properties and Budd Commercial and he was and remains an "employer" pursuant to the FLSA by acting directly or indirectly in the interest of an employer in relation to an employee.

24.

Defendant Julie Budd is an owner, chief financial officer and/or secretary of Budd Properties and Budd Commercial. She may be served personally with a copy of the summons and complaint at her residence, 308 7th Street, St. Simons Island, Georgia 31522.

25.

At all relevant times Mrs. Budd was involved in day to day operations of Budd Properties and Budd Commercial and she was and remains an "employer" pursuant to the FLSA by acting directly or indirectly in the interest of an employer in relation to an employee.

26.

Plaintiffs and others similarly situated (the "FLSA Collective") are individuals who include current and former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(3)(1).

27.

Each Plaintiff as well as each individual who may choose to join the FLSA Collective is individually covered by the FLSA as he/she utilized the instrumentalities of commerce while performing their job duties for one or more of the Defendants.

28.

Plaintiffs have consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b) and there exist additional current and/or former employees who are expected to file consents to join this action. Named Plaintiffs' signed consent forms are attached as Exhibit A.

# GENERAL ALLEGATIONS

29.

Defendants own and operate an extensive and complex real estate enterprise involved in virtually every aspect of the real estate industry.

30.

Defendants' business operations include real estate development, ownership and residential and commercial sales and leasing.

31.

Defendants' extensive real estate holdings require them to have a full time maintenance department typically staffed with approximately twenty (20) to thirty (30) individuals.

32.

A significant number of the individuals working in the maintenance department are classified as employees during the work week until they log forty (40) hours of work at which time they are instructed by the Budds to clock out and to log the rest of their weekly hours as "independent contractors" and, as a result, are paid straight time and not paid wages at time and half regular rate for those hours in excess of 40 all in violation of the FLSA.

33.

If an employee's punch cards reflect work hours in excess of forty (40) per week, those time records are manipulated so that all hours worked in excess of forty (40) hours are separately accounted for and paid as straight time and not time and a half in violation of the FLSA.

34.

At times, some employees also received separate pay checks for the same pay period despite performance of substantially similar or identical job duties: an employee pay check for the forty (40) hours worked and a second paycheck for all hours worked in excess of 40 hours, paid at straight time and not at time and a half in violation of the FLSA.

35.

Thus, maintenance department employees are regularly required to work overtime but Defendants refuse to pay them time and one half their regular rate of pay for hours in excess of forty (40) in a work week as required by the FLSA.

36.

Another unlawful practice of Defendants involves intentionally misclassifying employees working in the maintenance department as

independent contractors to avoid having to pay these employees the wages they are rightfully due pursuant to the FLSA.

37.

Such individuals work side by side with and have the identical job duties as those individuals properly classified as maintenance department employees.

38.

Although the individuals intentionally misclassified as independent contractors regularly work in excess of forty (40) hours per week, Defendants pay such employees straight time and refuse to pay wages at time and a half regular rate of pay in violation of the FLSA.

39.

Defendants also engage in the unlawful pay practice of automatically deducting one hour per day for "lunch" from the daily hours worked by employees and misclassified contractors regardless of whether the employee actually takes a lunch break or is able to take a full one hour lunch break during their shift.

40.

Since maintenance department employees and misclassified contractors frequently have to work through part or all of their lunch breaks, this

automatic deduction results in employees working up to an additional hour per day with no pay.

41.

Furthermore, Plaintiffs Nicky Tampas ("Tampas"), Angela Shuman and other similarly situated employees were improperly classified as exempt and denied overtime pay. In the alternative, if such employees were properly classified, the exemption was lost as a result of improper deductions for missed and partially missed work days and, as a result, they are owed overtime pay pursuant to the FLSA.

42.

Such employees were required to regularly work over forty (40) hours per work week and through their lunch breaks without overtime pay in violation of the FLSA.

43.

Defendants regularly and systematically retaliated against employees who complained of Defendants' unlawful pay practices by threatening them with termination, reducing their work hours and/or actually terminating them.

44.

Indeed in or around March 2016, Tampas complained to Defendants that they were violating applicable wage and hour laws.

45.

Thereafter, Defendants terminated Tampas in retaliation for making a complaint that Defendants were violating wage and hour law and/or for insisting that Defendants comply with applicable wage and hour law.

46.

Defendants blatant and unlawful schemes to cheat employees out of wages rightfully due.

## **COLLECTIVE ACTION ALLEGATIONS**

47.

Plaintiffs bring this Collective Action individually and on behalf of the proposed FLSA Collective pursuant to the collective action procedure authorized by 29 U.S.C. § 216(b) of the FLSA, for back wages and liquidated damages under the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 216(b).

48.

Pursuant to the "opt-in" collective action procedure specified in 29 U.S.C. § 216(b), the named Plaintiffs file this collective action for each similarly situated person who files, will file, or who has filed a written consent to be a party to this collective action pursuant to 29 U.S.C. § 216(b) at any time in the time period from the date this action is filed until final judgment is entered by the Court.

49.

As described in the preceding paragraphs, during the applicable statutory period, the named Plaintiffs and members of the proposed FLSA Collective routinely worked in excess of forty hours in a workweek without receiving overtime compensation for their overtime hours worked.

50.

In addition, the Plaintiffs seek to maintain this FLSA action on their own behalf and on behalf of the FLSA Collective to recover for all off the clock hours worked for each pay period during the applicable statutory period.

51.

Defendants willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its employees overtime compensation, by misclassifying employees as independent contractors, by misclassifying employees as exempt despite knowing such employees were working over forty hours per work week and performing non-exempt work, by knowingly taking improper deductions from pay of employees classified as exempt and by automatically deducting hours from the work day regardless of whether employees took full hour lunch breaks.

52.

Plaintiffs, individually and on behalf of the proposed FLSA Collective, seek relief on a collective basis challenging Defendants' practices of failing to accurately record all hours worked, failing to pay employees for all hours worked, by failing to pay employees overtime compensation as required by the FLSA, and for retaliating against employees who voice complaints about Defendants' wage and hour violations.

53.

Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective for overtime and off the clock work. Accordingly, notice of this action should be sent to the current and former employees of Defendants who have suffered from Defendants' pay practices and who would benefit from issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

# FOR A FIRST CAUSE OF ACTION
## Violation of the Fair Labor Standards Act
(Brought by all individually-named Plaintiffs
and on behalf of others similarly situated)

54.

Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs fully and completely as if contained herein.

55.

Defendants failed to count all hours worked, to pay for all hours worked, and failed to pay overtime as to Plaintiffs and all employees similarly situated in violation of the FLSA.

56.

Defendants failed to keep accurate records of all hours worked by employees, including named Plaintiffs and similarly situated employees in violation of the FLSA.

57.

Defendant's failure to pay Plaintiffs and similarly situated employees for all hours worked, failure to pay overtime and failure to keep accurate records as set forth herein was a willful, reckless, intentional and/or knowing violation of the FLSA, including all applicable regulations.

58.

Plaintiffs and all similarly situated employees have been damaged because of the uniform and company-wide policies detailed above that

resulted in the systematic failure to pay overtime at time and a half regular rate as well as the systematic failure to pay workers for all hours worked.

59.

Plaintiffs and the FLSA Collective are entitled to damages within the three years preceding the filing of this Complaint, plus any period of equitable tolling, because Defendants knew or should have known or demonstrated reckless disregard as to whether its conduct was prohibited by the FLSA and/or failed to properly post notice of FLSA rights.

60.

Plaintiffs and the FLSA Collective are entitled to an award of unpaid wages including unpaid overtime wages, unpaid wages for off the clock work, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs in an amount to be determined at trial.

**FOR A SECOND CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
(Retaliation)

61.

Defendants are guilty of violating the FLSA by terminating Tampas and otherwise discriminating against him because he complained about Defendants' unlawful pay practices and/or insisted that Defendants properly classify and pay employees as required by applicable laws.

**WHEREFORE**, Plaintiffs on behalf of themselves and those similarly situated, demand a TRIAL BY Jury and pray for judgment in their favor and against Defendants as follows:

a. Designation of this action as a collective action on behalf of those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert FLSA claims in this action by filing consent forms;

b. Judgement against Defendants for all unpaid wages, overtime pay, appropriate incentive award to named plaintiffs, back pay, front pay and all other amounts owed under the governing legal authorities;

c. Award declaratory and injunctive relief as permitted by law or equity including, but not limited to, injunctive relief requiring Defendants to comply with the FLSA, to properly pay employees and to avoid future FLSA violations and, if applicable, reinstatement of unlawfully terminated employees or payment of front pay in lieu of reinstatement;

d. Judgment that Defendants' violations of the FLSA were willful;

e. Award liquidated damages in an additional amount equal to wages owed;

f. Award prejudgment interest;

g. Award reasonable attorneys' fees and costs;

h. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court;

i. Award Plaintiffs such other legal and/or equitable relief as this Court may deem proper.

Dated this the 13TH day of February 2017.

Respectfully submitted,

Fried & Bonder, LLC

s/ David Fried
David Fried
Georgia Bar No. 277319
Joe White
Georgia Bar No. 754315
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, Georgia 30318
Phone: (404) 995-8808
dfried@friedbonder.com

Asbell Rhoads, LLP

s/Daniel Wyatt
Daniel Wyatt
Georgia Bar No.: 778915
White Provision, Suite 305
1170 Howell Mill Road, NW
Atlanta, Georgia 30318
Phone: (678) 576-7816
cdanwyatt@gmail.com

ATTORNEYS FOR PLAINTIFFS